UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DEREK FOLLEY,<br>    Petitioner, | Case No. 1:20-cv-177 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| LIZ BANKS, CEO, et al.,<br>    Respondents. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a pretrial detainee at Summit Behavioral Healthcare, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1. *See also* Doc. 23). The petition, which totals 459 pages, is brought in connection with pending criminal charges in Montgomery County Court of Common Pleas case number 2019-CR-01878. On June 18, 2019, petitioner was indicted on three counts of unlawful sexual conduct with a minor. The online docket sheet[1] indicates that after three examinations as to petitioner's competency to stand trial, petitioner was committed to Summit Behavioral Healthcare on February 11, 2020 on a restorable finding of incompetency.[2] For the reasons stated below, the petition should be dismissed.[3]

---

[1] Viewed at www.clerk.co.montgomery.oh.us./pro/ under case number 2019 CR 01878. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] Ohio Rev. Code § 2945.38(B) authorizes a trial court to commit a defendant to the department of mental health for treatment upon a finding that the defendant is presently incompetent to stand trial and there is a substantial probability that the defendant will become competent to stand trial with treatment. For defendants such as petitioner, who are charged with a third degree felony, § 2945.38(C)(2) limits the period of treatment to sixth months.

[3] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254. The rules governing 2254 cases may also be applied to petitions filed under § 2241. *See* Rule 1(b).

In the petition, petitioner raises four grounds for relief, including allegations that his speedy trial, equal protection, confrontation clause, and due process rights were violated:

>**GROUND ONE**: Speedy Trial Violation
>
>**Supporting facts**:  Petition[er] was in pretrial detention for over 810 days over the Ohio triple-count provision.  Trial court made and conspired two fraudulent competency evaluations.  Petitioner asserted "speedy trial" right over 30 times.
>
>**GROUND TWO:**  Equal protection of the law
>
>**Supporting facts**:  Petitioner filed a motion to transport with the trial court.  He request[ed] that the trial court order the sheriff to take him to the court of appeals and federal court.  Trial court overruled the motion, stating that this is not a right of the petitioner.
>
>**GROUND THREE:**  Confrontation clause violation
>
>**Supporting facts:** M.R.W. and petitioner married at common-law per Peefer v. State.  Trial court "sustained" state's motion in limine and required that petitioner cannot mention that he and the state's star-witness married and that he cannot say that.
>
>**GROUND FOUR:**  Due process of law (Pretrial detainee for cruel and unusual punishment)
>
>**Supporting facts**:  Petitioner was suppose[d] to be release[d] on Nov. 18, 2019 for confrontation clause violation.  Every day after Nov. 18 is cruel and unusual punishment-pretrial detainee.

(*See* Doc. 1 at PageID 6–7).  In his attached brief, petitioner also includes "assignments of error" regarding double jeopardy, cruel and unusual punishment, freedom of speech, the right to vote, and the right to petition the government for redress.  (*Id.* at PageID 27–57).  For relief, petitioner seeks dismissal of the indictment and criminal proceedings brought against him.  (*Id.* at PageID 7, 454–55).

A pretrial detainee, who has exhausted all available state court remedies as a prelude to seeking federal habeas relief, may seek federal habeas relief under 28 U.S.C. § 2241.  *See*

*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3

(E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009).

None of these exceptions apply in this case. Although petitioner has alleged a violation of his speedy trial rights, unlike the petitioner in *Atkins,* he does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather he asserts the claim as an affirmative defense in an effort to overturn the criminal charges brought against him. (*See* Doc. 1-6 at PageID 454–55).[4] *Cf. Atkins,* 644 F.2d at 546-47 (pretrial consideration of an exhausted speedy trial claim was proper where the petitioner sought a prompt trial date, as opposed to dismissal of the charges, as relief); *Pruitt, supra,* 2010 WL 2607246, at *2 (holding that federal intervention to consider speedy trial claim was inappropriate in case where the petitioner was awaiting sentencing following entry of a guilty plea because he was seeking only dismissal of the criminal charges); *see also Hill v. Michigan,* No. 1:07-cv-271, 2007 WL 1893911, at *1-2 (W.D. Mich. July 2, 2007) (citing *Atkins*, the district court found "no exceptional circumstances" existed to justify consideration of a pretrial petition where the petitioner sought to have the federal habeas court dismiss a criminal charge brought against him); *Hairston v. Franklin Cnty. Court of Common Pleas*, No. 2:17-cv-353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017) ("a federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies available to him on that issue. On the other hand, on the basis of comity considerations, federal courts abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed on speedy trial grounds.") (Report &

---

[4] Petitioner also brings an "assignment of error" on double jeopardy grounds; however, he fails to allege that he seeks to avoid a second trial. *See Atkins*, 644 F.2d at 546–47.

Recommendation), *adopted*, 2017 WL 2972151 (S.D. Ohio July 12, 2017); *Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D. Ohio Dec. 9, 2011) (observing the distinction between "a defendant disrupting the orderly functioning of a state's judicial process as opposed to enforcing his right to have the state bring him promptly to trial.") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987)).

Petitioner's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings. Accordingly, the petition should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's pro se petition for a writ of habeas corpus (Doc. 1) be **DISMISSED** without prejudice.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  April 15, 2020

                                                Karen L. Litkovitz
                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEREK FOLLEY,
    Petitioner,

vs.

LIZ BANKS, CEO, et al.,
    Respondents.

Case No. 1:20-cv-177

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).