UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEREK FOLLEY, | : | Case No. 1:20-cv-177 |
| Petitioner, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Karen L. Litkovitz |
| LIZ BANKS, CEO, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 29)
AND TERMINATING THIS CASE IN THIS COURT**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on April 15, 2020, submitted a Report and Recommendation, recommending that Petitioner's petition for a writ of habeas corpus be dismissed without prejudice. (Doc. 29).

After the Magistrate Judge submitted the Report and Recommendation, Petitioner filed: an amended petition for a writ of habeas corpus (Doc. 44);[1] objections to the Report and Recommendation (Docs. 43, 46); and numerous other documents, including motions, exhibits, and appendices (Docs. 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 45, 47, 48, 49, 50).

---

[1] On the Court's review, the amended petition fails to cure the deficiencies identified in the Report and Recommendation. (Docs. 29, 44). Accordingly, the amended petition, like the initial petition, must be dismissed for the reasons set forth *infra*.

On the Court's review, the objections are not well-taken. (Docs. 43, 46).

Petitioner's primary argument is that the federal court should dismiss his criminal charges on the basis of an alleged speedy trial violation. (Docs. 43, 46). However, as the Magistrate Judge has already explained, such relief is not proper in the context of this pretrial petition. (*See* Doc. 29 at 4 (stating that, in a case involving a pretrial petition, while "a federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies," a federal court should "abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed on speedy trial grounds" (citation omitted)). The Court agrees entirely with the Magistrate Judge's well-reasoned analysis. Accordingly, Petitioner's primary objection is overruled.

Petitioner also raises a host of generalized arguments, repetitive of those set forth in his initial petition. (Docs. 1, 43, 46). None of these arguments is sufficiently specific to constitute a proper objection under Sixth Circuit precedent. *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (confirming that a "party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[] to several of the issues in the case'" (citation omitted)). Accordingly, Petitioner's remaining objections are overruled.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all

of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendation (Doc. 29) should be and is hereby adopted in its entirety.

Accordingly, for the reasons stated above:

1. Petitioner's objections to the Report and Recommendation (Doc. 43, 46) are **OVERRULED** in their entirety

2. The Report and Recommendation (Doc. 29) is **ADOPTED** in its entirety;

3. Petitioner's original and amended petitions for a writ of habeas corpus (Docs. 1, 44) are **DISMISSED** without prejudice;

4. Petitioner's pending motions (Docs. 31, 33, 34, 37, 39, 40, 41, 47, 49) are **DENIED** as moot;

5. Because reasonable jurists would not debate the Court's conclusions, the Court **DENIES** issuance of a certificate of appealability, pursuant to 28 U.S.C. § 2253; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983));

6. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, this Court **DENIES** Petitioner leave to appeal *in forma pauperis*; and

7. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 5/6/2020

*Timothy S. Black*
Timothy S. Black
United States District Judge

3